**Onkar SINGH, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

No. 04–2753–ag.

United States Court of Appeals, Second Circuit.

March 14, 2007.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Martin Resendez Guajardo, Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Melissa Leibman, Office of Immigration Litigation, Washington, D.C. (Reginald I. Lloyd, United States Attorney for the District of South Carolina, J. Douglas Barnett, Assistant United States Attorney, Columbia, SC, on the brief), for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. WALKER and Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Onkar Singh petitions for review of a May 13, 2004 decision of the Board of Immigration Appeals ("BIA"), adopting and affirming Immigration Judge ("IJ") Sandy K. Hom's February 26, 2004 denial of Singh's motion to reopen proceedings and to rescind an *in absentia* order of exclusion. *In re Onkar Singh*, No. A72 484 227 (B.I.A. May 13, 2004), *aff'g* No. A72 484 227 (Immig. Ct. N.Y. City Feb. 26, 2004). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues on appeal.

Where, as here, the BIA adopts the IJ's decision and supplements it, we review the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the denial of a motion to reopen for abuse of discretion, which "will be found only in those limited circumstances where the [agency's] decision (1) provides no rational explanation, (2) inexplicably departs from established policies, (3) is devoid of any reasoning, or (4) contains only summary or conclusory statements." *Song Jin Wu v. INS*, 436 F.3d 157, 161 (2d Cir.2006).

Singh's exclusion proceedings were conducted in 1993, prior to the amendments introduced by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). Under the pre-IIRIRA regime, the Immigration and Naturalization Service was required to serve aliens facing exclusion proceedings with a notice specifying the time and place of the hearing; "[i]f the alien [was] unable to read or understand the notice," the INS was charged with reading and explaining it to the alien, "through an interpreter, if necessary." 8 C.F.R. § 235.6(a) (1993). If the alien failed to appear at the exclusion proceeding, the IJ could conduct the hearing *in absentia* upon determining that the alien had received proper notice of the time and place of the hearing. *See Twum v. INS*, 411 F.3d 54, 57–58 (2d Cir.2005) (citing 8 C.F.R. § 3.26(a) (1995) (recodified at 8 C.F.R. § 1003.26(a) (2004))). To have an *in absentia* exclusion order vacated and proceedings reopened, an alien was required to demonstrate reasonable cause for his or her failure to appear. *Id.* at 58; *see* 8 C.F.R. § 1003.23(b)(4)(iii)(B) (2007).

Singh contends that the exclusion order should be vacated, and his case reopened, because the notice was explained to him in Hindi—not in Punjabi, his native language. The IJ denied Singh's motion to reopen, finding Singh's contention that he did not understand the notice to be incredible.

The record shows that Singh was interviewed by an INS officer upon his arrival in the United States, and that the entire interview was conducted in Hindi. Singh confirmed to the interviewer that he understood all of the questions asked in Hindi. Singh also provided coherent answers to those questions. For instance, when asked whether he wanted to voluntarily withdraw his application for admission to

the United States or appear for an exclusion hearing before an immigration judge, Singh responded, "I will see the judge." This evidence is sufficient to support the IJ's adverse credibility determination. Further, as the BIA found, Singh's affidavit—which merely states that Punjabi is his native language—is insufficient to show that he does not understand Hindi. We find no abuse of discretion in the denial of Singh's motion to reopen.

Because the IJ properly determined that Singh understood the notice given in Hindi, Singh's due process claim is unavailing. *See Fuentes–Argueta v. INS,* 101 F.3d 867, 872 (2d Cir.1996) (" 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' ") (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

For the foregoing reasons, the petition for review is DENIED. The stay of removal previously granted in this petition is VACATED.